STEPHEN SCHULTZ, APPELLANT, v. CALVIN S. ROGERS, EXECUTOR, APPELLEE.

FILED MARCH 27, 1919. No. 20357.

Guaranty: VALIDITY. A verdict for defendant in an action on a guaranty may be sustained by proof showing that he refused to become guarantor when sober, but signed it when, by drunkenness, he was so far deprived of his reason as to render him incapable of understanding the character and consequences of his act, and that he rescinded the contract within a reasonable time after recovering his senses.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*J. W. James* and *Charles A. Chappell,* for appellant.

*J. L. McPheely* and *L. C. Paulson, contra.*

Rose, J.

This is an action against Albert Abrams on his guaranty that William C. Wise, as agent, would perform a contract to sell for plaintiff during the year ending January 1, 1910, farm implements, vehicles and harness at Heartwell. Provision for the agent's compensation was made as follows:

"Agent shall receive one-half of the net profits of the business as he shall conduct it, the net profits to be that amount that represents the difference between the cost of the goods and that amount received from them as sold, less the expense of conducting the business."

In a former suit against the agent for an accounting, plaintiff recovered a judgment against him for $5,022.72 November 1, 1913. In the present suit plaintiff seeks to recover from the guarantor, Abrams, the amount of that judgment with interest. The guaranty on which the present action is based is indorsed on the back of the contract of agency, and is as follows:

"In consideration of the appointment of W. C. Wise as selling agent for Stephen Schultz for the year 1909, ending January 1, 1910, we, the undersigned, hereby guarantee unto Stephen Schultz the fulfilment of every part of this contract by W. C. Wise, that all money and notes received from the sale of goods will be turned over to Stephen Schultz except that which rightfully belongs to W. C. Wise, that is, his one-half the commission on sales made. Should W. C. Wise fail to properly turn over to Stephen Schultz, or his assigns, all notes and money received for the sale of goods, less one-half the commission, we do hereby agree and bind *myself* to make good unto Stephen Schultz such shortage. Signed this 1st day of February, 1909. Albert Abrams, W. C. Wise."

Abrams, in his answer herein, among other things, pleaded in substance that, at the time he signed the guaranty, he was incapacitated by intoxication from binding himself by contract, and, upon learning that he had signed the guaranty, he gave notice that he

would not be bound by it. Guarantor died during the pendency of the action, and the cause was revived in the name of Calvin S. Rogers, executor of the estate of Albert Abrams, deceased, defendant. Upon a trial of the issues the jury rendered a verdict in favor of defendant, and from a judgment of dismissal plaintiff appealed. Stephen Schultz became a bankrupt, and in the supreme court William Westering, trustee, was substituted as plaintiff.

It is argued by plaintiff that the defense of intoxication is without support in the evidence. On this issue the proofs are challenged as showing that drunkenness, of which there is proof, occurred after the guaranty had been signed. It is insisted, further, that proper notice of rescission was not given. There is competent testimony tending to show that Abrams was drunk at the time he signed the guaranty; that by reason of his drunkenness he did not then know what he had signed; that he had previously refused to become guarantor for plaintiff's agent; that he renounced the guaranty within a reasonable time and disclaimed liability thereon. Evidence of this kind and other proofs of a similar nature, when considered with all of the circumstances surrounding the transactions, were sufficient to justify the jury in finding that Abrams, at the time he signed the guaranty, was so far deprived of his reason as to render him incapable of understanding the character and consequences of his act, and that within a reasonable time after recovering his senses he disclaimed liability on the guaranty and rescinded it.

With these issues of fact thus determined, an examination of the entire record, in the light of the arguments and briefs, fails to disclose any error prejudicial to plaintiff.

AFFIRMED.

LETTON, SEDGWICK and CORNISH, JJ., not sitting.